**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4344

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRY M. WILLIAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:05-cr-00172-HEH)

Submitted:  April 25, 2007                    Decided:  July 9, 2007

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Charles D. Lewis, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Richmond, Virginia, for Appellant. Matthew Childs Ackley, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry M. Williams, Jr., appeals his conviction and 120-month sentence imposed following a jury trial on a charge of possession of a firearm by a person previously convicted of a felony offense. 18 U.S.C. § 922(g)(1) (2000). Williams' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but asserting that the district court erred by: (1) denying Williams' claim that the government exercised its peremptory strikes to exclude black jurors from the venire, in violation of Batson v. Kentucky, 476 U.S. 79 (1986); (2) denying Williams' motions for judgment of acquittal; and (3) granting the government's motion for an upward departure from the sentencing guideline range. Williams was informed of his right to file a pro se supplemental brief, but has not done so. Our review of the record discloses no reversible error; accordingly, we affirm Williams' conviction and sentence.

Great deference is given to a district court's determination of whether a peremptory challenge was based on a discriminatory motive, and the court's ruling is reviewed for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995). Generally, a Batson challenge consists of three steps: (1) the defendant makes out a prima facie case of discrimination; (2) the government offers a race-neutral explanation; and (3) the trial

court decides whether the defendant has carried his burden and proved purposeful discrimination.  <u>Purkett v. Elem</u>, 514 U.S. 765, 767-68 (1995).  "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot."  <u>Hernandez v. New York</u>, 500 U.S. 352, 359 (1991) (plurality opinion).  "At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation.  Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."  <u>Id.</u> at 360.

The government explained that it struck the first two jurors because they appeared uninterested and looked like they were falling asleep.  The government explained its third strike, stating that the prospective juror appeared to be leering, smirking, and not taking the proceedings seriously.  The district court found these to be racially-neutral bases for striking the jurors.

The fourth potential juror was stricken because the government expressed a dislike for working with jurors who previously served on Richmond juries, because "[a] lot of times they have had bad experiences . . . .  If I see a Richmond juror, I just usually want to strike them. . . . Richmond jurors tend to have not great experiences, and I don't like dealing with Richmond

jurors." The district court found this to be a racially neutral explanation and denied Williams' objection.

We review only for clear error the trial court's finding that the defendant failed to carry his burden to prove purposeful discrimination. Jones, 57 F.3d at 421. Although Williams asserted that the government's stated reasons for excluding those jurors were pretextual, based on our review of the record in this case, the district court did not clearly err in finding otherwise. See Jones, 57 F.3d at 421. Accordingly, we affirm the district court's denial of Williams' Batson challenge.

Williams next contends that the district court erred in denying his motions for judgment of acquittal. This court reviews the district court's decision to deny a Federal Rule of Criminal Procedure 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216.

In order to convict Williams under § 922(g)(1), the government had to establish that (1) he previously had been convicted of a felony; (2) he knowingly possessed the firearm; and (3) the possession was in or affecting commerce, because the

firearm had traveled in interstate or foreign commerce at some time. United States v. Moye, 454 F.3d 390, 395 (4th Cir.), cert. denied, 127 S. Ct. 452 (2006). Because Williams stipulated as to the first and third elements, the only element in dispute is whether Williams knowingly possessed the firearm.

The government presented evidence that a security guard saw Williams holding a gun and shooting into the air. The security guard directed the man to holster his weapon, which the guard observed him do. The man then got into a car with two other men and drove off, only to circle the block and return. The security guard approached the vehicle and ordered the three men to exit the vehicle, which they did. The guard recognized one of the occupants as the man whom he had seen with the gun. The firearm and holster were recovered from inside the vehicle. The firearm had gun powder residue on it, and it smelled like it had been fired. Also, the rounds loaded in the weapon alternated silver and brass. The shell casings recovered from the area where the shooting occurred also were both silver and brass. The security guard positively identified Williams during the trial as the man he saw fire the gun.

Williams asserts that the government failed to present the testimony of any civilian eyewitness, despite the fact that there were a number of people around at the time of the incident. He also makes much of the fact that the security guard and the

Richmond police officer who responded to the scene both handled the gun and the magazine, thus destroying fingerprint evidence, and that after finding an unidentified latent print on the weapon, the government did not request a palm print from Williams for comparison. He contends that gunshot residue tests should have been performed to prove whether Williams had, in fact, fired the weapon. Also, Williams asserts that the DNA evidence was inconclusive because someone could have touched the holster after he did and his DNA could still be on the holster; or he could have brushed against it without knowing and deposited his DNA on it yet not have been the one to have fired the gun. Determinations of credibility and the weight to be given to evidence is within the province of the jury. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997); United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

Viewing this evidence in the light most favorable to the government, see Glasser, 315 U.S. at 80, we conclude that there was sufficient evidence to support a finding that Williams possessed the firearm. Coupled with his stipulations to his prior felony conviction and the interstate commerce element of the offense, there was sufficient evidence to support a conviction for possession of the firearm by a convicted felon. Id. Thus, the district court did not err in denying Williams' motion for judgment of acquittal.

The final issue asserted by Williams is that the district court erred in granting the government's motion for an upward departure at sentencing based on his criminal history. When reviewing a sentence outside the advisory guideline range—whether as a product of a departure or a variance—this court considers both whether the district court acted reasonably with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range. <u>United States v. Davenport</u>, 445 F.3d 366, 370-71 (4th Cir. 2006) (citing <u>United States v. Moreland</u>, 437 F.3d 424, 433-34 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006) and <u>United States v. Hairston</u>, 96 F.3d 102, 106 (4th Cir. 1996) (regarding departure sentence)). This court has held:

> [T]o sentence a defendant, district courts must (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).

<u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). A sentence not imposed within the properly calculated range must be based on the factors listed under § 3553(a). <u>Id.</u> at 456.

The probation officer computed Williams' guideline range as 84 to 108 months, based on an offense level of 22 and criminal history category VI. Addressing the government's motion for an upward departure, the court applied the five-step procedure outlined in United States v. Bonetti, 277 F.3d 441 (4th Cir. 2002). In doing so, the court reviewed the facts and circumstances of Williams' case, including his extensive and continuous criminal record, which began at age 12. The court noted that Williams had twenty misdemeanor offenses as an adult, five felony convictions, two violations of probation, and sixteen offenses—mostly juvenile offenses—for which no criminal history points were assessed. Noting that an under-represented criminal history and a substantial likelihood that the defendant will commit other crimes are encouraged bases for departure from the guidelines, the court found that a two-level upward departure was appropriate. The resulting guideline range was 100 to 125 months. After considering the factors set forth in 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006), the court found this to be a reasonable sentencing range and ultimately imposed a sentence of 120 months—the statutory maximum.

Williams contends that the departure was unreasonable because it was based on his juvenile record, because most of his offenses were for non-violent offense, and because many of his offenses were driving-related offenses. He also asserted that he had never previously received a sentence of longer than seventeen

months.  He argued that an 84-month sentence "would impose a sufficiently harsh punishment, serve as an effective deterrent to any future crime, and protect the community as required under § 3553(a)."

We find that the district court appropriately considered these facts and arguments and did not err in granting the government's motion for an upward departure.  We also find that the length of the sentence was reasonable.  As the district court concluded, a 120-month sentence was reasonable based on the § 3553(a) factors, Williams' criminal record, his "inability to adjust to rehabilitative programs," his prior parole and probation violations, and the nature of the offense.  See Moreland, 437 F.3d at 432.  The court clearly considered the reasons for departure under the Guidelines and the factors under § 3553(a), and the court articulated specific reasons why a sentence greater than the guidelines range was warranted.  Because the district court articulated supportable reasons for sentencing above the properly-calculated sentencing guidelines range and considered the factors under § 3553(a), we conclude that the court acted reasonably in departing upward by two levels.  See United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Accordingly, we affirm Williams' sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore

affirm Williams' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED